The action well lies. And the conviction on the indictment has not taken away the action of trespass. 6 E., 4, 4. One condemned and imprisoned on redisseizin was utlagatus for felony, and pardoned; he remained in prison at the suit of the party, yet for the *Page 735 
outlawry all his goods were forfeited to the King, and after the pardon the party sued him. 3 M. Sir Peter Carew was indebted to the King and afterwards convicted of treason and pardoned, yet he paid all his debts to the King, although he had forfeited all his goods before the pardon. One Trushel procured himself to be convicted of felony, and afterwards pardoned, yet his debts remained and he had to satisfy his creditors. 1 R., 3, 1; 11 H., 7, 22. Felony presentable in a leet is made petit treason; it cannot be presented there as petit treason, but as felony it may. When a statute gives a new remedy, it does not take away the common law remedy. (2) The averment in the bar, that it is the same offense is bad, for by the indictment it is found to be a burglary, and here it is only a trespass; but he might have averred that it is the same taking.
To which WHITLOCK and JONES, JJ., assented.
(3) JONES, DODERIDGE, and WHITLOCK, JJ., held the plea in bar bad, for another reason, for it is said that the plaintiff procured himself to be indicted and was convicted, and that the plaintiff may have restitution on such a conviction. But the statute relates only to cases in which the offender is convicted by the evidence of the party; and it is not pleaded here, wherefor judgment was given.
And on another day: